UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| NOVUM ENERGY TRADING INC., § <br> § <br> § <br> Plaintiff, § <br> § <br> § <br> vs. § <br> § <br> § <br> *M/V BOUCHARD* AND *B. NO. 240*, § <br> AND THEIR ENGINES, § <br> TACKLES, ETC., *IN REM;* AND § <br> BOUCHARD TRANSPORTATION § <br> CO., INC.; *IN PERSONAM* § <br> § <br> § <br> Defendants. § | Civil Action No.4:19-cv-04402 <br> IN ADMIRALTY, F.R.C.P. 9(h), and <br> Rule B and Rule C |

## SECOND AMENDED VERIFIED COMPLAINT

Plaintiff Novum Energy Trading Inc. ("Novum" or "Plaintiff"), files this Second Amended Verified Complaint (the "Complaint") pursuant to Rule B and Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Foreclosure Actions of the Federal Rules of Civil Procedure and shows the following:

### I. JURISDICTION AND VENUE

1.  This is an action for breach of a maritime contract which is an admiralty and maritime claim within the meaning of 28 U.S.C. §1333, and is a maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, Rule B and Rule C of the Supplemental Rules of Certain Admiralty and Maritime Claims.

2.  Jurisdiction is proper in this Court pursuant to 28 U.S.C. §1333 and venue is proper in this district pursuant to 28 U.S.C. §1391(b).

3. This Second Amended Complaint is instituted in accordance with the provisions of Title 9 of the United States Code, § 1 *et seq.*, in order to obtain security pending a judgment of this Court and/or an award in arbitration, and to foreclose a maritime lien for breach of a maritime contract between Novum and Defendant Bouchard Transportation Co., Inc. ("Bouchard or "Defendant"), based on Defendant's failure to provide Plaintiff with a vessel fit for its intended purpose, as required under the parties' contract.

4. Venue is proper in this jurisdiction because Defendant has assets located within the Southern District of Texas.

## II. THE PARTIES

5. Plaintiff Novum is a Delaware corporation with its principal place of business located at 3200 Kirby Dr., Ste. 1000, Houston, TX 77098.

6. Upon information and belief, Defendant Bouchard is a New York corporation with its principal place of business located at 50 South Service Road, Suite 150, Melville, NY 11747.

7. *B. No. 240*, IMO 8646848, is a U.S. flag tug ("*B No. 240*"), within the jurisdiction of this Honorable Court. *B No. 240* is berthed at Magellan Valero Terminal at 3449 Pasadena Freeway, Pasadena, Texas 77503.

8. *BARBARA E. BOUCHARD*, IMO 9053141, is a U.S. flag barge ("*M/V Bouchard*"), within the jurisdiction of this Honorable Court. *M/V Bouchard* is berthed at Magellan Valero Terminal at 3449 Pasadena Freeway, Pasadena, Texas 77503.

## III. FACTUAL BACKGROUND

**The Charterparty**

9. On or around March 27, 2019, Novum entered into a Tanker Time Charter Party contract (the "Charterparty") with Bouchard[1]. Pursuant to the Charterparty, Novum chartered from Bouchard the Barge "*B No. 240*" and the tug "*M/V Bouchard*" (collectively, the "Vessel"),

---

[1] *See* Tanker Time Charter Party. (Exhibit 1).

4823-6799-1468.2

for the time period from April 5, 2019 through October 5, 2019 (a period which was subsequently extended through April 5, 2020, pursuant to an Addendum dated August 2, 2019 (the "Addendum")). Under the Charterparty, Novum chartered the Vessel at a rate of $14,000 per day, which was paid monthly, in advance. In addition, upon taking delivery of the Vessel, Novum purchased a full supply of fuel and lube bunkers (the "Bunkers").

10. Novum entered into the Charterparty for the purpose of using the Vessel to transport fuel oil from offshore refineries and terminals in the Gulf of Mexico (and elsewhere off of the U.S. coast), to coastal ports within the United States. Accordingly, in Section 6(a) of the Charterparty, Bouchard expressly agreed, among other things, to provide a Vessel that is tradeable in U.S. coastwise trade:

> The Vessel may be employed in US Coastwise trade (US Atlantic Coast and US Gulf Coast including Florida or East Coast Mexico or Caribbean) or as mutually agreed between Owner and Charter always excluding any countries under United States Sanctions, between and at ports and/or places in such lawful trades as [Novum] or its agents may direct subject to the limits of the current International Navigating Conditions and any subsequent amendments thereto.

(Charterparty, § 6(a).)

11. Section 6(a) further provides that Bouchard is responsible for any time that the Vessel is not available for such trade:

> In the event that the Vessel shall, for any reason, be unable to be employed in trade as described in this clause 6a, all time lost shall be for Owner's account without prejudice to any other rights and remedies Charterer may have, including but not limited to the rights and remedies contained in Clause 4I.

(Charterparty, § 6(a).)

12. In addition, in Section 4(j) of the Charterparty, Bouchard warranted, among other things, that the Vessel would, at all times, remain in full compliance with all applicable laws, regulations and other requirements:

> Owner warrants that the Vessel shall, at all times during the Charter Term, be in full compliance with all applicable international conventions, all applicable laws, regulations, and/or other requirements of the country of the Vessel's registry and of

3

the countries, political subdivisions of such countries, and/or port authorities of the port(s) and/or place(s) to which the Vessel may be ordered hereunder as noted below. Owner further warrants that the Vessel shall have on board, during the Charter Term, all certificates, records, or other documents required by the aforesaid conventions, laws, regulations or requirements. Without limitation, the conventions, laws, regulations, and requirements referred to in Clause 4j mean conventions, laws, regulations, and requirements concerning ship size, ship design, safety, operation of ship's equipment (including inert gas and crude oil washing systems, if the Vessel is so equipped), navigation, pollution and other like matters.

(Charterparty, § 4(j).)

13. Finally, Section 10 of the Charterparty expressly provides Novum with a maritime lien on the Vessel for all damages resulting from Bouchard's breach of the Charterparty:

Charterer shall have a lien on the Vessel for all monies paid in advance and not earned, all disbursements and advances for Owner's account, including commissions, cost of insurance and expenses thereon, all amounts due to Charterer under the Charterer, and for any damages sustained by Charterer or its Affiliates as a result of any breach of the Charter by Owner.

(Charterparty, § 10.)

**Bouchard Fails to Maintain a Tradeable Vessel**

14. Notwithstanding its obligations under the Charterparty, Bouchard has failed to provide Novum with a vessel that is fit for its intended purpose.

15. Specifically, upon information and belief, in or around August 2019, the United States Coast Guard rescinded Bouchard's Document of Compliance (the "DOC"), which is a document that certifies the adequacy of a fleet and/or vessel's safety systems and protocols for the cargo to be transported by the fleet and/or vessel.

16. In a letter sent to certain customers—though, notably, not Novum—on October 2, 2019, Bouchard conceded that that the rescission of the DOC was, at least in part, caused by Bouchard's own lapses. Specifically, Bouchard acknowledged that "fully understood that we were behind on paperwork," as well as "implementation of corrective action plans" in response to an explosion that took place aboard a Bouchard vessel in 2017.

4

17. Bouchard's failure to maintain its DOC caused significant and instant harm to Novum. Specifically, as a result of the DOC rescission, every supplier that could be serviced by the Vessel—including ExxonMobil, Chevron Motiva, Marathon and Valero—refused to accept vessels from Bouchard's fleet, including the Vessel that was chartered to Novum under the Charterparty. Bouchard acknowledged as much in its October 2 letter, noting that "we have been denied access to refineries and terminals by Valero, Motiva, Exxon, and others."

18. Bouchard's failure to maintain its DOC has essentially rendered the Vessel untradeable in the U.S. coastwise trade for which it was chartered by Novum. Accordingly, Novum notified Bouchard that the vessel was "off-hire"—that is, unable to be used—for the period of August 16 through August 26, 2019, and that, at the daily hire rate of $14,000 per day, Bouchard owed Novum $142,940.00 for the "off-hire" days that had been pre-paid by Novum, noting that the Vessel was off hire due to expired DOC." Bouchard agreed, and reimbursed Novum for the August off-hire dates.

19. Bouchard soon changed its tune, however. Two subsequent off-hire periods occurred in September (specifically, September 19, 2019 through September 26, 2019) and October (specifically, October 10, 2019 through October 28, 2019). Despite repeated requests for reimbursement, Bouchard has failed to do so.

20. At the $14,000 per day rate set forth in the Charterparty, Novum has paid Bouchard $394,099.62 in charter payments for periods in which the Vessel was unable to be employed in trade—$91,067.68 for the September off-hire period and $303,031.94 for the October off-hire period. However, although Section 6(a) of the Charterparty provides that such amounts "shall be for Owner's account"—and although Bouchard previously conceded that it was liable for the August 2019 off-hire period, which was also due to the failure to maintain a DOC—Bouchard has refused to compensate Novum for the off-hire periods caused by Bouchard's failure to maintain a tradeable Vessel.

21. In addition to the charter rates that Novum paid to Bouchard for periods in which it was unable to use the Vessel, Novum was also forced to charter replacement vessels, at

5

significant additional cost to Novum, in order to serve the supplier facilities that have refused to accept the Vessel due to Bouchard's failure to maintain a DOC. Novum has paid more than $150,000 to procure replacement vessels during the September and October off-hire periods, and will continue to be forced to do so, resulting in further damages.

### Bouchard Unilaterally Seeks to Cancel the Charterparty

22. By email dated October 28, 2019, Bouchard further breached the Charterparty by purporting to unilaterally terminate the Charterparty. The Charterparty does not permit such a unilateral termination, and Bouchard has provided no basis for the purported termination. Accordingly, Novum has informed Bouchard that its position is that the Charterparty remains in effect through April 5, 2020.

23. Moreover, as noted above, upon taking delivery, Novum pre-purchased and supplied the Vessel with fuel and lube bunkers. A significant portion of the bunkers and lube oil, worth approximately $191,700, remain aboard the Vessel. By purporting to terminate the Charterparty, and taking possession of the Vessel, Bouchard has thus wrongfully converted the bunkers and lube oil.

24. Finally, upon information and belief, after purportedly (and wrongfully) terminating the Charterparty, Bouchard has entered into an agreement with another charterer to charter the same Vessel that remains subject to the Charterparty between Bouchard and Novum. Upon information and belief, Bouchard has already moved the Vessel, without instructions or authorization from Novum, in anticipation of the new charterparty with a new charterer. Such an agreement is a further breach of the Charterparty, and would also risk using Novum's bunkers that remain aboard the Vessel.

### Novum's Claims against Bouchard

25. Pursuant to Section 29 of the Charterparty, all disputes arising out of the Charterparty are subject to arbitration:

> Any and all differences and disputes of whatsoever nature arising out of the Charter shall be put to arbitration in American Arbitration in the city of New York, pursuant to the laws relating

6

to arbitration there in force, before a board of three persons, consisting of one arbitrator to be appointed by the Owner, one by Charterer, and one by the two so chosen.

(Charterparty, § 29.)

26. Accordingly, Novum has provided notice of arbitration to Bouchard, asserting claims of breach of contract and conversion, and seeking damages in the amount of no less than $653,838.62, consisting of:

a. $91,067.68 for charter payments made with respect to the September period in which in which the Vessel was unable to be employed in trade due to Bouchard's failure to maintain its DOC;

b. $303,031.94 for charter payments made with respect to the October period in which in which the Vessel was unable to be employed in trade due to Bouchard's failure to maintain its DOC;

c. $150,000.00 for expenses incurred in obtaining replacement vessels to serve the supplier facilities that refused to accept the Vessel due to Bouchard's failure to maintain a DOC during the September and October off-hire periods;

d. $191,700.00 for bunkers and lube oil that were purchased by Novum for the purpose of supplying the Vessel, but have been misappropriated by Bouchard when Bouchard purported to unilaterally terminate the Charterparty and retake possession of the Vessel; and

e. Additional and ongoing damages caused by Bouchard's unilateral purported termination of the Charterparty, including additional "off-hire" time, and expenses incurred in obtaining replacement vessels to service supplier facilities.

## IV. REQUEST FOR RULE B AND RULE C RELIEF

27. Bouchard has no offices or place of business in the State of Texas and no agent for service of process and can be found within this district or within the State of Texas for the purpose of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Foreclosure Actions. However, Bouchard has a Vessel in this in this district and within the

state of Texas. In addition, based on the plain language of the Charterparty, Novum has a maritime lien on the Vessel for the purposes of Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Foreclosure Actions.

28. This attachment pursuant to Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Foreclosure Actions Rule B was specifically sought to secure Novum's claims against Bouchard pursuant to Title 9 of the United States Code, § 1 *et seq.*, and this arrest pursuant to Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Foreclosure Actions Rule C was specifically sought to foreclose Novum's maritime lien against the Vessel for $653,838.62 and any continuing damages for Bouchard's breach of a maritime contract with Novum.

29. Plaintiff seeks a warrant of attachment pursuant to Supplemental Rule B of the Federal Rules of Civil Procedure and an order arrest of the Vessel which may be enforced by the *in rem* seizure of the Vessel, and pursuant to Federal Rules of Civil Procedure Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Foreclosure Actions. Therefore, Novum requests that process in due form of law, according to the practices of this Court is issued against the Vessel, its engines, machinery, tackle, apparel, equipment, riggings, and all other necessary appurtenances, and freight, etc. up to and including at least $653,838.62.

WHEREFORE, Plaintiff Novum respectfully requests that this Court grant the following relief:

(a) Summons with process of attachment issue against Bouchard;

(b) Process in due form of law issue pursuant to Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Foreclosure Actions Rule B and Rule C, and that Bouchard's property within this district, the Vessel, be attached and arrested in the proceeding to the amount of Plaintiff's claims stated herein, plus recoverable costs, fees and interest, pursuant to Rule B and Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Foreclosure Actions Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure;

(c)      The Court retain jurisdiction over Bouchard's property within the District in order to enter a judgment upon any decree in these proceedings and/or arbitration;

(d)      Alternatively, that the aforesaid Vessel be released upon the posting by Bouchard of security in an acceptable form in the amount of no less than $653,838.62. If Bouchard fails to post security in an acceptable form and amount, that the Vessel remains as security to satisfy Plaintiff's claims herein;

(e)      That pursuant to 9 U.S.C. §§ 1, *et seq.* this Honorable Court recognize and confirm any arbitration award, rendered on the claims herein as judgment of this Court;

(f)      That process of arrest, in due form of law, according to the course and practice of this Honorable Court in causes of admiralty and maritime jurisdiction within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, may issue against the Vessel and her engines, tackle, apparel, etc., and all other necessaries and equipment belonging and appurtenant thereto, as provided in Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Foreclosure Actions, and that all persons claiming any interest in the Vessel may be cited to appear and answer the matters aforesaid, and that the Vessel, her engines, tackle, apparel, etc., and all other necessaries belonging and appurtenant thereto, may be seized, condemned and sold to pay the demands and claims aforesaid, and that Plaintiff may have such other and further relief as in law and justice it may be entitled to receive;

(g)      That Novum is authorized to offload bunkers and lubes that were purchased by Novum for the purpose of supplying the Vessel, but have been misappropriated by Bouchard when Bouchard purported to unilaterally terminate the Charterparty and retake possession of the Vessel.

(h)      That judgment be issued against the Vessel, *in rem*, in the full amount due;

(i)      That Novum be awarded its attorneys' fees and costs of this action; and

(j)      That Plaintiff may have such other and further relief as may same just to the Court in the premises.

4823-6799-1468.2

DATED this 8 day of November, 2019.

          **FOLEY GARDERE**
          **FOLEY & LARDNER LLP**

          By: */s/ Anacarolina Estaba*
          Peter A. McLauchlan
          State Bar No. 13740900
          Federal Bar No. 6370
          pmclauchlan@foley.com
          Anacarolina Estaba
          State Bar No. 24085298
          Federal Bar No. 964979
          aestaba@foley.com
          1000 Louisiana, Suite 2000
          Houston, Texas 77002-2099
          Telephone: (713) 276-5500
          Facsimile: (713) 276-5555

          ***ATTORNEYS FOR PLAINTIFF,***
          ***NOVUM ENERGY TRADING INC.***

4823-6799-1468.2

## VERIFICATION

STATE OF TEXAS

COUNTY OF HARRIS

Before me, the undersigned authority, personally appeared  __Christopher John Scott__ , as __Chief Financial Officer__ of Novum Energy Trading Inc., who has produced __UK Passport 517516956__ as identification or is personally known to me, and who was duly sworn and says that he has read the foregoing Verified Complaint and is familiar with its contents which are true to the best of his information and belief.

Dated this __8TH__ day of __NOVEMBER__, 2019.

CARMINA ALVAREZ
Notary Public, State of Texas
Comm. Expires 12-14-2021
Notary ID #131380744

11/8/19

Christopher Scott
Chief Financial Officer

My Commission Expires: __12-14-2021__

11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NOVUM ENERGY TRADING INC., | § § § § § § | |
| Plaintiff, | § § | |
| vs. | § § § § § | Civil Action No. 4:19-cv-04402<br>IN ADMIRALTY, F.R.C.P. 9(h), and<br>Rule B and Rule C |
| *M/V BOUCHARD* AND *B. NO. 240*,<br>AND THEIR ENGINES,<br>TACKLES, ETC., *IN REM;* AND<br>BOUCHARD TRANSPORTATION<br>CO., INC.; *IN PERSONAM* | § § § § § § § | |
| Defendants. | § | |

## AFFIDAVIT OF ANACAROLINA ESTABA

STATE OF TEXAS )
)
COUNTY OF HARRIS )

Anacarolina Estaba, being duly sworn, deposes and says:

1. I am a member of the Bar of the State of Texas and am admitted to practice before the United States District Court for the Southern District of Texas.

2. I am an attorney with the law firm of Foley Gardere – Foley & Lardner LLP, counsel for Plaintiff Novum Energy Trading Inc. ("Novum") and make this affidavit based upon my knowledge and documents provided to me by Plaintiff.

### DEFENDANT IS NOT FOUND WITHIN THE DISTRICT

3. I have made an investigation and believe that, based upon the results of this investigation, Defendant Bouchard Transportation Co., Inc. ("Bouchard") is a corporation or other business entity that cannot be "found" within the Southern District of Texas for the purpose of a

Supplemental Rule B attachment. In support of Plaintiff's application for a Supplemental Rule B attachment, I have:

    a. Diligently searched the internet, including internet searches of Defendant's website, and utilizing the Google search engine, and determined that Defendant does not appear to have an agent for the service of process in this district or in the State of Texas.

    b. Searched for Defendant on the website maintained by the Texas Secretary of State, the results of which indicated that Defendant is not a Texas corporation and is not licensed, registered, or otherwise authorized to conduct business in the State of Texas as either a domestic or a foreign corporation or other business entity, nor has it appointed an agent for service of process in this district or in the State of Texas.

    c. I am unaware of any officers or directors or agents of Defendant within the district.

4. Based on the foregoing, I submit that Defendant Bouchard Bouchard cannot be "found" within the Southern District of Texas for the purpose of an attachment pursuant to Supplemental Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims.

DATED this 8 day of November, 2019.

_____
Anacarolina Estaba

Subscribed and sworn to before me this 8th day of November, 2019.

MARIA D. BARELA
Notary Public, State of Texas
Commission Expires 08-05-2023
Notary ID 759982-3

_____
Notary Public, State of Texas
My commission expires: 8/5/2023

2

4824-2847-8124.2